IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>ANGELA S. COLGAN,<br><br>               Defendant. | 4:15CR3094<br><br>MEMORANDUM AND ORDERS |

The following motions are pending before me:

Filing No. 54:      Defendant's motion for bill of particulars;

Filing No. 69:      Defendant's objection to the government's motion to amend its expert witness notice as to Michael Morrison, M.D.; and

Filing No. 71:      Defendant's objection to the government's disclosure of forensic investigators as non-retained expert witnesses for trial.

For the reasons stated below, Defendant's motion for bill of particulars will be denied and her objections to the government's expert witness disclosures will be overruled.

Motion for Bill of Particulars
(Filing No. 54)

The defendant moves for a bill of particulars as to Count II of the Superseding Indictment, arguing "[t]he 'plain language' of the Superseding Indictment fails to alert the Defendant of the 'precise nature of the government's allegations.'" Count II of the superseding indictment alleges:

> Beginning on or about March 1, 2001, and continuing until on or about June 30, 2015, in the District of Nebraska, Defendant, ANGELA S. COLGAN, in a matter within the jurisdiction of the Social Security

> Administration, having knowledge of the occurrence of an event affecting her continued eligibility to receive SSDI payments, knowingly concealed and failed to disclose such an event with intent to fraudulently secure payments when no payment was authorized. Specifically, Defendant concealed and did not disclose improvement in her medical and physical conditions such that she was able to work, in order to receive and continue to receive SSDI payments. By such action, Defendant ANGELA S. COLGAN, obtained SSDI payments to which she was not entitled.
>
> In violation of Title 42, United States Code, Section 408(a)(4).

(Filing No. 29).[1]

The government opposes the motion for bill of particulars, stating it has already provided extensive discovery and afforded defendant Colgan with adequate notice of the charges and a full and fair opportunity to prepare a defense.

> If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. See Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial."

U.S. v. Livingstone, 576 F.3d 881 (8th Cir. 2009).

Defendant has received the government's Rule 16 disclosures which includes "copies of investigative reports, interviews, documentary and physical evidence, transcripts of grand jury testimony, forensic analysis of Defendant's cell phone, computer, and electronic devices, and other materials obtained during the investigation," (Filing No. 73 at CM/ECF p. 4), and she was "afforded the opportunity, on three different dates, to personally inspect all relevant evidence within Plaintiff's possession." (Filing No. 73 at CM/ECF p. 4). Under the circumstances described in the government's brief, the defendant is not entitled to a bill of particulars. Livingstone, 576 F.3d at 883

---

[1] Defendant's motions do not challenge Count II of the original indictment, which is now Count III of the superseding indictment.

(denying the defendant's motion for bill of particulars where "the government explained its theory of the case, noted that it had already provided [defendant] with considerable discovery, including the names of its witnesses, and stated that it would disclose more information about the witnesses before trial.").

### Defendant's Objections to the Government's Expert Witness Notices
### (Filing Nos. 69 and 71)

Defendant objects to the government's expert witness disclosures as untimely and argues she will be prejudiced at trial by these untimely disclosures. Her Filing No. 69 objection pertains to the government's retained medical expert; Filing No. 71 pertains to the government's non-retained experts, all of whom were investigating officers for this case.

The issue of whether medical experts would be called by either side of this case has been an ongoing topic of discussion from the outset of this case – both on the record and during chambers and telephonic conferences. Dating back as early as November 9, 2015, Defendant requested trial continuances, explaining she may need an expert witness to interpret documentation and provide testimony at trial. (Filing No. 16). On December 9, 2015, she again requested a continuance, stating additional time was needed to review documents and photos and, if needed, obtain a mental or medical evaluation. (Filing No. 19). By February 26, 2016, Defendant was explaining that if this case went to trial, she would need to retain an expert witness. (Filing No. 23). But she was still engaged in plea discussions with the government, and she wanted to avoid the cost of a medical expert if plea negotiations could resolve the case. (Filing No. 23; Filing No. 25 (audio file)).

After conferring with counsel, and based on the court's understanding that Defendant planned to retain a medical expert if the case was not resolved by a plea of guilty, the court ordered:

3

> On or before June 1, 2016, Defendant shall disclose to the government a written summary of the expert testimony Defendant intends to use at trial, (including the expert's opinions; the basis and reasons for those opinions; a listing of any medical, mental health, or other scientific testing performed on Defendant; and the expert witness' qualifications); and
>
> On or before July 1, 2016, the government shall disclose to Defendant's counsel a written summary of any expert testimony the United States intends to use at trial (including the expert witness' opinions; the basis and reasons for those opinions; a listing of any medical, mental health, or other scientific testing performed on Defendant; and the expert witness' qualifications).

(Filing No. 23 at CM/ECF p. 1). In essence, during the conference call, counsel agreed to abbreviate the expert disclosure steps under Rule 16: Defendant would disclose her expert (including the summary of testimony) as required under Rule 16(b)(1)(C), and the government would then respond by disclosing its expert, along with a summary of the expert's testimony, as required under Rule 16(a)(1)(G).

The reasoning and purpose of Filing No. 23 went away when Defendant never disclosed an expert. On June 29, 2016, the government filed a notice stating it may call Michael Morrison, M.D. "to testify as to defendant Angela S. Colgan's physical condition and abilities during the time she received Social Security Disability Insurance (SSDI) benefit payments from approximately June 2002 through approximately June 30, 2015." (Filing No. 34). The notice further requested reciprocal discovery from the defendant pursuant to Fed. R. Crim. Pro. 16(b)(1)(C). (Filing No. 34 at CM/ECF p. 2).

On August 16, 2016, Defendant filed a motion to exclude Dr. Morrison's testimony under Daubert, explaining "without more information, any testimony offered by Plaintiff's expert - an orthopedic surgeon and an associate professor of orthopedics - will be unfairly prejudicial to the Defendant." (Filing No. 61 at CM/ECF p. 21). The

4

government moved for leave to amend (supplement) the expert witness notice as to Dr. Morrison (to describe this expert's opinions), and to identify Special Agents McMillan and Venable and Lancaster County Deputy Sheriff James Baird, Jr., as witnesses who will explain their forensic investigation of this case based on their education, training, experience and qualifications as law enforcement officers and the skill and knowledge and experience they have obtained through their involvement in other similar investigations. (Filing Nos. 66 and 67).

The court promptly granted the government's motions for several reasons, including: 1) this case is set for trial beginning on October 3, 2016, and an order promptly defining the scope of the government's expert disclosures will assist in Defendant's case preparation; 2) the government's further disclosure as to Dr. Morrison will assist the court in analyzing Defendant's pending Daubert motion; and 3) Defendant's changed decision or indecision on whether to retain a medical expert for use at trial has created substantial confusion regarding the parties' relative expert disclosure obligations under Rule 16 and my prior order, Filing No. 23.

Citing Rule 26 of the Federal Rules of Criminal Procedure and this court's order, (Filing No. 23), Defendant now objects to the government's disclosure of Dr. Morrison and its non-retained forensic experts (the investigating officers) as untimely. Federal Rule 26 does not discuss expert disclosures: Federal Criminal Rules 26(B) and 26(D), as cited in Defendant's brief, do not exist. To the extent Defendant is claiming she must now find an expert to counter the government's medical expert, her argument is not well-founded. She anticipated needing her own medical expert for trial over ten months ago. Her delay in retaining a medical expert was not caused by any surprise disclosure of a medical expert by the government. And Defendant has treating physicians she may contact, along with over a month to respond to the government's disclosure before the trial of this case begins.

The discussion underlying the court's Filing No. 23 order related solely to medical experts. There was no discussion regarding when the parties must disclose any non-retained experts. As to the technology forensic experts disclosed by the government, (the subject of Defendant's Filing No. 71 objection), these witnesses' anticipated testimony is based on their law enforcement training and experience and will explain how they collected evidence for this case. "The government should disclose the substance of any expert testimony upon request, even if such testimony may be considered 'routine' testimony of a case agent concerning standard criminal operations." United States v. Anderson, 446 F.3d 870, 875 (8th Cir. 2006). The summary required under Rule 16 must describe "the witness's opinions [and] the bases and reasons for those opinions."

But while forensic expertise was needed to locate, extract, and verify the source and content of the digital information found on Defendant's devices and social media sites, the court is not convinced the steps taken by the government's forensic investigators in uncovering this information, and perhaps the reason those steps were required, is the type of expert "opinion" testimony contemplated by Rule 16. Fed. R. Crim. P. 16(1)(G).[2] And even if a Rule 16 expert disclosure is required, Defendant still has over a month to respond.

Accordingly,

IT IS ORDERED:

1) Defendant's motion for bill of particulars, (Filing No. 54), is denied.

---

[2] Testimony by officers explaining the steps they took to extract data from a Defendant's device is fact, not opinion, testimony. The reason those steps were taken may include both types of testimony.

2) Defendant's objection to the government's motion to amend its expert witness notice as to Michael Morrison, M.D., (Filing No. 69), is overruled.

3) Defendant's objection to the government's disclosure of forensic investigators as non-retained expert witnesses for trial, (Filing No. 71), is overruled.

September 2, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.